THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATI Ladish LLC, | |
| Plaintiff, | Case No. 1:23-cv-09108 |
| v. | |
| WheelTug Limited, and WheelTug Works LLC, | **COMPLAINT** |
| Defendants. | |

## COMPLAINT

Plaintiff, ATI Ladish LLC, (hereinafter "ATI Ladish"), by and through counsel, Fox Rothschild LLP, now comes before this Court and brings this Complaint against Defendants WheelTug Limited and WheelTug Works LLC (collectively, "Defendants" or "WheelTug"), stating as follows:

### INTRODUCTION

1. ATI Ladish is engaged in the business of manufacturing forged metal products.

2. WheelTug Limited and WheelTug Works are customers of Plaintiff ATI Ladish.

3. Specifically, ATI Ladish and WheelTug Limited entered into a Supply Agreement respecting the manufacture and purchase of certain Goods and Services, as specified in the Supply Agreement, by WheelTug from ATI Ladish.

4. Both WheelTug Limited and WheelTug Works ordered and received Goods and Services from Plaintiff ATI Ladish pursuant to the Supply Agreement.

5. WheelTug breached the Supply Agreement and related ATI Ladish Terms and Conditions of Sale because WheelTug has failed to pay for the Goods and Services that were sold and provided to Defendants.

## PARTIES

6. Plaintiff ATI Ladish is a Wisconsin limited liability company with a principal place of business at 5481 S. Packard Avenue, Cudahy, Wisconsin 53110.

7. ATI Ladish is wholly owned by its sole member, ATI Operating Holdings, LLC, a Delaware limited liability company. ATI Operating Holdings, LLC is a holding company without any operations.

8. ATI Inc. is the sole member of ATI Operating Holdings, LLC, and is a Delaware corporation with a principal place of business in Dallas, Texas.

9. Defendant WheelTug Limited is an Oregon corporation with a principal place of business at 23700 NW Skyline Blvd, North Plains, Oregon 97133.

10. Defendant WheelTug Works LLC is a Maryland limited liability company with a principal place of business at 6320 Oakleaf Ave, Baltimore, Maryland 21215.

11. After reasonable investigation, Plaintiff has been unable to determine the members of WheelTug Works LLC. Nonetheless, upon reasonable information and belief, Plaintiff believes them to be Maryland and/or Oregon residents, and intends to confirm the same in discovery.

## JURISDICTION AND VENUE

12. Jurisdiction is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1332(a), which states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . (1) citizens of different States[.]"

13. Plaintiff maintains citizenship in the State of Wisconsin, as it is a Wisconsin limited liability company and has its principal place of business in Wisconsin. Plaintiff's members have citizenship in Delaware and/or Texas.

14. Defendants maintain citizenship in Oregon and Maryland, which are different states than the states of citizenship of Plaintiff and its members.

15. The amount in controversy is in excess of $75,000.

16. Venue is proper in the United States District Court for the Southern District of New York because the Supply Agreement at issue in this matter requires the exclusive jurisdiction of the courts located within the Southern District of New York.

## FACTUAL BASIS FOR ALL COUNTS

17. On November 15, 2019, ATI Ladish and WheelTug Limited entered into a Supply Agreement. A true and correct copy of the Supply Agreement is attached hereto at **Exhibit A**.

18. The Supply Agreement was executed by Isaiah W. Cox, Chief Executive Officer of Defendant WheelTug Limited, and Jim Meudt, President of ATI Forged Products.

19. The Supply Agreement provides that ATI Ladish supplies certain forged parts ("Goods") and parts machining services ("Services"), more specifically defined at Appendix B to the Supply Agreement.

20. Pursuant to the Supply Agreement, WheelTug Limited and its sibling company WheelTug Works have ordered Goods and Services from ATI Ladish (the "WheelTug Orders").

21. The WheelTug Orders are made via the submission of Purchase Orders to ATI Ladish.

22. When ATI Ladish received a Purchase Order from WheelTug, it sent an Order Acknowledgement to the purchaser along with ATI Ladish Forging ("Seller") Terms and

3

Conditions of Sale ("Terms and Conditions"). A true and correct copy of the Terms and Conditions is attached hereto at **Exhibit B**.

23. The Terms and Conditions supplement the Supply Agreement.

24. In particular, per the Terms and Conditions, amounts unpaid after the payment term of sixty days as provided by the Supply Agreement shall accrue interest compounded monthly at the annual rate of eighteen percent (18%). **Exhibit B** at ¶ 14.

25. In reliance upon the Supply Agreement, the WheelTug Orders, and the Terms and Conditions, ATI Ladish manufactured and delivered Goods and provided Services ordered by WheelTug.

26. The Goods and Services manufactured and delivered by ATI Ladish were provided to and consumed by both Defendants WheelTug Limited and WheelTug Works.

27. WheelTug accepted the Goods and Services provided by ATI Ladish.

28. WheelTug has made no claim that the Goods or Services did not conform to the manufacturing requirements of the Supply Agreement or quality standards.

29. ATI Ladish sent invoices to WheelTug reflecting the Good and Services that it had produced for and delivered to WheelTug.

30. Pursuant to the Supply Agreement, WheelTug is required to remit payment for each invoice within sixty days of receipt. **Exhibit A** at ¶ 3.

31. WheelTug received, and paid in full to ATI Ladish, twelve invoices between December 2019 and December 2020, for a total payment of $610,290.00.

32. Nonetheless, twelve invoices issued by WheelTug to ATI Ladish from December 22, 2021 to May 23, 2022, remain unpaid.

33. WheelTug owes a principal balance of $3,296,578.00, exclusive of interest at 18% per annum, to ATI Ladish for Goods and Services it manufactured for and delivered to WheelTug.

34. The following invoices were provided to WheelTug by ATI Ladish, and remain unpaid:

   a. Invoice No. 224231, dated December 22, 2021, pertains to Services provided to Defendants. A true and correct copy of Invoice No. 224231 is attached hereto at **Exhibit C**. The total amount due pursuant to Invoice No. 224231 is $35,455.00, and it remains unpaid.

   b. Invoice No. 224764, dated February 4, 2022, pertains to Goods sold to Defendants that were shipped to Kalco Machine and Manufacturing at 5000 Central Freeway, Wichita Falls, Texas 76306. A true and correct copy of Invoice No. 224764 is attached hereto at **Exhibit D**. The total amount due pursuant to Invoice No. 224764 is $382,410.00, and it remains unpaid.

   c. Invoice No. 224888, dated February 18, 2022, pertains to Goods sold to Defendants that were shipped to Kalco Machine and Manufacturing at 5000 Central Freeway, Wichita Falls, Texas 76306. A true and correct copy of Invoice No. 224888 is attached hereto at **Exhibit E**. The total amount due pursuant to Invoice No. 224888 is $103,797.00, and it remains unpaid.

   d. Invoice No. 224909, dated February 21, 2022, pertains to Goods sold to Defendants and shipped to Kalco Machine and Manufacturing at 5000 Central Freeway, Wichita Falls, Texas 76306. A true and correct copy of Invoice No. 224909 is attached hereto at **Exhibit F**. The total amount due pursuant to Invoice No. 224909 is $319,665.00, and it remains unpaid.

e.  Invoice No. 225070, dated March 3, 2022, pertains to Goods sold to Defendants and shipped to Kalco Machine and Manufacturing at 5000 Central Freeway, Wichita Falls, Texas 76306. A true and correct copy of Invoice No. 225070 is attached hereto at **Exhibit G**. The total amount due pursuant to Invoice No. 225070 is $123,435.00, and it remains unpaid.

f.  Invoice No. 225231, dated March 16, 2022, pertains to Goods sold to Defendants and shipped to Kalco Machine and Manufacturing at 5000 Central Freeway, Wichita Falls, Texas 76306. A true and correct copy of Invoice No. 225231 is attached hereto at **Exhibit H**. The total amount due pursuant to Invoice No. 225231 is $221,550.00, and it remains unpaid.

g.  Invoice No. 225363, dated March 25, 2022, pertains to Goods sold to Defendants and shipped to Kalco Machine and Manufacturing at 5000 Central Freeway, Wichita Falls, Texas 76306. A true and correct copy of Invoice No. 225363 is attached hereto at **Exhibit I**. The total amount due pursuant to Invoice No. 225363 is $409,725.00, and it remains unpaid.

h.  Invoice No. 225788, dated April 22, 2022, pertains to Goods sold to Defendants and shipped to Defendant WheelTug Works at 6320 Oakleaf Avenue, Baltimore, Maryland 21215. A true and correct copy of Invoice No. 225788 is attached hereto at **Exhibit J**. The total amount due pursuant to Invoice No. 225788 is $409,725.00, and it remains unpaid.

i.  Invoice No. 225874, dated April 28, 2022, pertains to Goods sold to Defendants and shipped to Defendant WheelTug Works at 6320 Oakleaf Avenue, Baltimore, Maryland 21215. A true and correct copy of Invoice No. 225874 is attached hereto

at **Exhibit K**. The total amount due pursuant to Invoice No. 225874 is $284,076.00, and it remains unpaid.

j.  Invoice No. 225875, dated April 28, 2022, pertains to Goods sold to Defendants and shipped to Defendant WheelTug Works at 6320 Oakleaf Avenue, Baltimore, Maryland 21215. A true and correct copy of Invoice No. 225875 is attached hereto at **Exhibit L**. The total amount due pursuant to Invoice No. 225875 is $284,850.00, and it remains unpaid.

k.  Invoice No. 226003, dated May 5, 2022, pertains to Goods sold to Defendants and shipped to Defendant WheelTug Works at 6320 Oakleaf Avenue, Baltimore, Maryland 21215. A true and correct copy of Invoice No. 226003 is attached hereto at **Exhibit M**. The total amount due pursuant to Invoice No. 226003 is $284,850.00, and it remains unpaid.

l.  Invoice No. 226175, dated May 23, 2022, pertains to Goods sold to Defendants and shipped to Defendant WheelTug Works at 6320 Oakleaf Avenue, Baltimore, Maryland 21215. A true and correct copy of Invoice No. 226175 is attached hereto at **Exhibit N**. The total amount due pursuant to Invoice No. 226175 is $437,040.00, and it remains unpaid.

35. Upon information and belief, Kalco Machine and Manufacturing ("Kalco") was another vendor of WheelTug, and WheelTug directed the delivery of certain of its orders to Kalco.

36. ATI Ladish, on multiple occasions, has made demand for payment from WheelTug.

37. WheelTug has failed to pay the amounts due to Plaintiff ATI Ladish in time or in full, including following reasonable demand for payment.

38. WheelTug has not made any payments to Plaintiff since December 2020.

## COUNT I: BREACH OF CONTRACT
### (Plaintiff ATI Ladish v. Defendants WheelTug Works LLC and WheelTug Limited)

39. ATI Ladish incorporates by reference all the allegations set forth in the foregoing paragraphs as if fully stated herein.

40. The Supply Agreement between ATI Ladish and WheelTug Limited is a valid and binding contract.

41. Pursuant to the Supply Agreement, WheelTug purchased certain Goods and Services from ATI Ladish.

42. ATI Ladish acknowledged each order placed by WheelTug.

43. Pursuant to its obligations under the Supply Agreement, ATI Ladish produced and delivered and/or provided the Goods and Services WheelTug ordered to it, at the locations it specified.

44. ATI Ladish sent invoices to Defendants for the value of the Goods and Services it manufactured for and delivered to Plaintiff.

45. WheelTug has a duty under the Supply Agreement and pursuant to the Terms and Conditions to pay amounts owed to ATI Ladish within sixty days of receipt of an invoice.

46. ATI Ladish has sent twelve invoices to WheelTug that are overdue, owing, and unpaid. *See* **Exhibits C–N**.

47. The total amount due to ATI Ladish from WheelTug under the unpaid invoices is $3,296,578.00.

48. Pursuant to the Terms and Conditions, ATI Ladish is entitled to interest at a rate of 18% per annum on the unpaid amounts of the invoices.

49. WheelTug's failure to pay the amount owed of $3,296,578.00 constitutes an express and intentional breach by WheelTug of its contract to pay for Goods and Services purchased from, manufactured, and supplied by ATI Ladish, entitling ATI Ladish to damages.

WHEREFORE, Plaintiff ATI Ladish respectfully requests the following:

(a) A judgment and order that Defendants WheelTug Works LLC and WheelTug Limited, jointly and severally, shall pay the amount of $3,296,578.00 to Plaintiff ATI Ladish as a result of its express breach of the contract with ATI Ladish;

(b) An award of costs, interest on any judgment in the amount of 18% per annum, and attorneys' fees; and

(c) Such other relief as the Court may deem just and proper.

## COUNT II: ACCOUNT STATED
**(Plaintiff ATI Ladish v. Defendants WheelTug Works LLC and WheelTug Limited)**

50. ATI Ladish incorporates by reference all the allegations set forth in the foregoing paragraphs as if fully stated herein.

51. ATI Ladish carries on its accounts a balance in the principal amount of $3,296,578.00 owed by WheelTug.

52. Defendants WheelTug Works LLC and WheelTug Limited, jointly and severally, are debtors to Plaintiff ATI Ladish.

53. ATI Ladish has provided WheelTug with statements of account for amounts due, owing, and unpaid.

54. ATI Ladish has made demands for payment from WheelTug.

55. WheelTug has failed to pay its account balance with ATI Ladish, although that balance is presently due, owing, and duly demanded by ATI Ladish.

56. Upon receipt of the invoices, WheelTug accepted the invoices as correct, and has not challenged the accuracy thereof, or otherwise objected to or questioned its payment obligation to ATI Ladish reflected therein.

57. WheelTug, in entering into the Supply Agreement, receiving and accepting the Order Acknowledgements with Terms and Conditions, and accepting said invoices without objection or protest, promised to pay ATI Ladish the amount due within sixty days of receipt of the invoices.

58. As a result of WheelTug's failure to pay, ATI Ladish has suffered damages in the principal amount of $3,296,578.00, plus interest at 18% per annum.

WHEREFORE, Plaintiff ATI Ladish respectfully requests the following:

(a) A judgment and order in favor of Plaintiff ATI Ladish and against Defendants WheelTug Works LLC and WheelTug Limited, jointly and severally, awarding damages in an amount of $3,296,578.00;

(b) An award of costs, interest on any judgment in the amount of 18% per annum, and attorneys' fees; and

(c) Such other relief as the Court may deem just and proper.

**COUNT III: QUANTUM MERUIT**
**(Plaintiff ATI Ladish v. Defendants WheelTug Works LLC and WheelTug Limited)**

59. ATI Ladish incorporates by reference all the allegations set forth in the foregoing paragraphs as if fully stated herein.

60. To the extent that WheelTug denies the existence of an enforceable contract, WheelTug is still liable to ATI Ladish under a Quantum Meruit theory.

61. ATI Ladish delivered to WheelTug, in good faith, certain Goods and Services ordered by WheelTug, which orders were acknowledged by ATI Ladish.

62. WheelTug accepted the Goods and Services provided to it by ATI Ladish.

63. WheelTug has failed to provide ATI Ladish with the payment that was agreed to by the parties in exchange for Plaintiff's delivery of the goods ordered by WheelTug.

64. When it agreed to produce the Goods and Services for, and deliver them to, WheelTug, ATI Ladish had an expectation that it would be compensated by WheelTug for the Goods and Services it produced and delivered to WheelTug.

65. The reasonable value of the Goods and Services ATI provided to WheelTug is $3,296,578.00.

66. ATI Ladish has suffered damages in the amount of $3,296,578.00.

WHEREFORE, Plaintiff ATI Ladish respectfully requests the following:

(a) A judgment and order in favor of Plaintiff ATI Ladish and against Defendants WheelTug Works LLC and WheelTug Limited, jointly and severally, awarding damages in an amount of $3,296,578.00;

(b) An award of costs, interest, and attorneys' fees; and

(c) Such other relief as the Court may deem just and proper.

Dated: October 16, 2023

Respectfully Submitted,
FOX ROTHSCHILD LLP

  /s/ Alexandra L. Sobol
Alexandra L. Sobol
101 Park Avenue, 17th Floor
New York, New York 10178
Telephone: (212) 878-7900
Facsimile: (212) 692-0940
ASobol@FoxRothschild.com

-and-

John R. Gotaskie, Jr.
*Pro Hac Vice* Motion to be filed
Luciana R. Sena
*Pro Hac Vice* Motion to be filed
BNY Mellon Center
500 Grant Street, Suite 2500
Pittsburgh, Pennsylvania 15219
Telephone: (412) 391-1334
Facsimile: (412) 391-6984
JGotaskie@FoxRothschild.com
LSena@FoxRothschild.com

*Attorneys for Plaintiff ATI Ladish LLC*

12